

FILED
February 06, 2026 05:16 PM
SX-2019-MC-00069
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **IN RE: Hurricane Maria Insurance Cases.** | **Master Case No. SX-2019-MC-069** **(Complex Litigation Division)** **Re:  SX-19-CV-063, 219, 222, 239, 258, 307, 354, 433, 442, 486** |

**Cite as: 2026 VI Super 4P**

**Appearances:**

**Lee Rohn, Esq.**
Lee J. Rohn and Associates, LLC
56 King Street, Third Floor
Christiansted, V.I. 00820
*For Plaintiffs*

**Matthew L. Litsky, Esq.**
Phelps Dunbar, LLP
100 South Ashley Dr., Suite 2000
Tampa, Fl 33602-5311
*For Defendants Certain Underwriters at Lloyd's, London Subscribing to Policy No. HOCJC1423, Defendants Marshall and Sterling, Inc., and Marshall and Sterling St. Croix*

**Eric A. Hiller, Esq.**
Clyde & Co. U.S. LLP
1221 Brickell Avenue, Suite 1600
Miami, Fl 33131
*For Defendant Certain Interested Underwriters at Lloyd's of London*

**Justin King, Esq.**
Clyde & Co. U.S. LLP
1221 Brickell Avenue, Suite 1600
Miami, Fl 33131
*For Defendant Certain Interested Underwriters at Lloyd's of London*

**Sharmane Davis-Brathwaite, Esq.**
Brathwaite Law LLC

4001 Raphune Hill, Suite 109
St. Thomas, VI 00802
*For Defendant Certain Underwriters at Lloyd's of London Subscribing to Policy No. B0621PFANE000217*

**Rafael F. Muilenburg, Esq.**
Morrisette & Muilenburg, LLP
P.O. Box 1239
St. John, V.I. 00831
*For Defendant Executive Insurance Services, Inc.*

**Douglas J. Kress, Esq.**
Schwed, Kahle & Kress, P.A.
11410 N. Jog Road, Suite 100
Palm Beach Gardens, F.L. 33418
*For Defendant Executive Insurance Services, Inc.*

**Douglas L. Capdeville, Esq.**
Law Offices of Douglas L. Capdeville, P.C.
2107 Company Street, Lot 4
Christiansted, V.I. 00822
*For Defendant Executive Insurance Services, Inc.*

**Robert J. Kuczynski, Esq**.
Beckstedt & Associates
2162 Church Street
Christiansted, V.I. 00820
*For Defendants Marshall & Sterling St. Croix, Inc., Marshall and Sterling St. Thomas and Theodore Tunick & Co.*

**Carl A. Beckstedt, III, Esq.**
Beckstedt & Associates
2162 Church Street
Christiansted, V.I. 00820
*For Defendant Marshall & Sterling St. Croix, Inc.*

In Re: Hurricane Maria Insurance Cases
SX-2019-MC-00069
2026 VI Super 4P
Memorandum Opinion
Page 3

**Rachel E. Hudgins, Esq.**
Fields Howell LLP
1180 W Peachtree Street, Suite 1600
Atlanta, G.A. 30309
*For Defendant Cornerstone Services, Inc.*

**MEMORANDUM OPINION**
**(Filed February 6, 2026)**

**Andrews, Jr.,** *Judge*

**INTRODUCTION**

¶1      Plaintiffs, Virgin Islands property owners, bring this action against defendant insurance companies and their agents for damage to their properties caused by Hurricane Maria which struck the territory on September 19, 2017. They claim the defendants breached their insurance contracts by, among other things, improperly underwriting their policies, underestimating their property losses, and making false representations regarding their policies.   Defendant, Certain Interested Underwriters at Lloyd's of London (Lloyd's) moves this Court to compel Plaintiffs to submit to an appraisal procedure as provided in their insurance policies.[1]   Plaintiffs contend that Lloyd's has waived its right to appraisal by waiting too long to invoke it.   For the reasons mentioned below, this Court

---

[1] Approximately ninety-seven (97) similar cases are grouped under the above-captioned master case.   Lloyd's was named as a defendant in forty-seven (47) cases and filed motions to compel appraisal in twenty-five (25) of them (the Court notes that two cases were removed to the District Court of the Virgin Islands (19-465 – removed on 06/20/25 and 19-500 – removed on 06/11/25)). Further, the plaintiffs dismissed Lloyd's as a defendant in 19-475, and 19-481.   This opinion addresses the motions filed in ten (10) cases (referenced above) selected by the Court from the twenty-five (25) cases.

concludes Lloyd's timely invoked the appraisal procedure and will hence grant its motions to compel.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

¶2      On September 19, 2017, Category 5 Hurricane Maria struck the Virgin Islands territory and caused island wide devastation on St. Croix.   Plaintiffs suffered damages to their homes as a result of the storm.   They had insured their properties with defendant Lloyd's, an insurance underwriter, through its agents defendants Marshall and Sterling, Inc., Marshall and Sterling St. Croix, Executive Ins. Svcs., Inc., Cornerstone Svcs., Inc. or Theodore Tunick and Co.   Each policy contained the following appraisal clause:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other.   The two appraisers will choose an umpire.   If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located.   The appraisers will separately set the amount of loss.   If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss.   If they fail to agree, they will submit their differences to the umpire.   A decision agreed to by any two will set the amount of loss.

Mots. to Compel: Conditions Ex. A § I (19-063, 19-219, 19-222, 19-19-239, 19-258, 19-307, 19-354, 19-433, 19-442, 19-486).

¶3    Subsequent to the storm, Plaintiffs filed insurance claims with Lloyd's

through their agents.    The parties calculated differing amounts regarding

Plaintiffs' <u>dwelling</u> losses as follows:

LOSS CALCULATION

| Case No. | By Plaintiffs | By Lloyd's |
|---|---|---|
| 19-063 (Gibson) | $257,000[2] | $110,617[3] |
| 19-219 (Odom) | $378,500[4] | $245,801[5] |
| 19-222 (Fanelli) | $386,619[6] | $101,389[7] |
| 19-239 (Johannes) | $122,273[8] | $64,716[9] |
| 19-258 (Prescott) | $39,020[10] | $30,858[11] |

---

[2]  Pl.'s Suppl. Br. Re Waiver 2; Gibson Affirmation Ex. A, at 2; Proof of Loss Ex. 2, 04/27/18 (19-063).

[3]  Mot. to Compel 3 (Background).

[4]  Pl.'s Suppl. Br. Re. Waiver 5 ($378,000); Odom Affirmation Ex. A, at 2 ($378,500); Proof of Loss Ex. 2, 04/25/18; Scarlett Affirmation Ex. B, at 1 ($378,500) (19-219).

[5]  Lloyd's Resp. to Ct.'s Order 4; Copies of two (2) Checks Ex. N (SX-2019-MC-069).

[6]  Pl.'s Suppl. Br. Re Waiver 5; Fanelli Affirmation Ex. A, at 2; Scarlett Affirmation Ex. B, at 2 (19-222).   The Court notes that Plaintiff had submitted an earlier loss estimate of $159,160. <u>See</u> also Fanelli Affirmation 2.

[7]  Mot. to Compel 2 (19-222).

[8]  Pl.'s Suppl. Br. Re Waiver 4; Johannes Affirmation Ex. A, at 2 (19-239);

[9]  Mot. to Compel 2 (Background) (19-239).   The Court notes that Plaintiff alleges Lloyd's loss estimate was $43,577. <u>See</u> Pl.'s Suppl. Br. Re Waiver 4 (19-239). <u>See</u> also Johannes Affirmation Ex. A, at 2.   The difference is immaterial to the Court's analysis as the parties clearly had differing loss calculations.

[10]  Lloyd's Resp. to Ct.'s Order 2 (SX-2019-MC-069).

[11]  <u>Id</u>.

19-307 (Donaie)  $230,000[12]        $189,100[13]

19-354 (Nicholas) $23,820[14]        $17,443[15]

19-433 (Martin)  $166,315[16]        $85,000[17]

19-442 (Jacobs)  $45,937[18]         $30,998[19]

19-486 (Rodgers) $166,100[20]        $75,091[21]

On the dates indicated on the chart below: the parties exchanged communications regarding the disputed claims; Lloyd's made payment consistent with its loss calculations; Plaintiffs served complaints on Defendants; Lloyd's demanded appraisals; and Lloyd's subsequently filed the instant Motions to Compel Appraisal.[22]

**Filing and**

---

[12] Pl.'s Suppl. Br. Re Waiver 4; Donaie Affirmation Ex. A, at 2 (19-307).

[13] Pl.'s Suppl. Br. Re Waiver 4; Donaie Affirmation Ex. A, at 3 (Lloyd's calculation was $170,00) (19-307); Mot. to Compel 2 (CLA adjusted Plaintiff's Dwelling loss was calculated at $189,100).

[14] Pl.'s Suppl. Br. Re Waiver 4; Nicholas Affirmation Ex. A, at 2 (19-354).

[15] Lloyd's Resp. to Ct.'s Order 3 – 4 (SX-2019-MC-069).

[16] Pl.'s Suppl. Br. Re Waiver 4; Martin Affirmation Ex. A, at 2 (19-433).

[17] Mot. to Compel 3; See also Pl.'s Suppl. Br. Re Waiver: Martin Affirmation Ex. A, at 2. (19-433).   Note: The $85,000 includes a $15,000 deductible.

[18] Pl.'s Suppl. Br. Re Waiver 4; Jacobs' Affirmation Ex. A, at 2; Mot. to Compel Appraisal 2 (19-442) (alleging Plaintiff claimed $45,406).

[19] Mot. to Compel Appraisal 3 (19-442).

[20] Pl.'s Suppl. Br. Re Waiver 4 (19-486); Rodgers Affirmation Ex. A, at 1.

[21] Lloyd's Resp. to Ct.'s Order 3; Check Payment Description Ex. G, 04/19/22 (SX-2019-MC-069).

[22] Lloyd's also sought to stay the litigation pending the appraisal process if granted.   In light of the Court's decision to order appraisal it will issue an order staying litigation pending the appraisal process.

| Case No. | Parties' Last Pre-suit Communication | Insurance Payment | Service of Complaint | Appraisal Demand | MTC Filed |
|---|---|---|---|---|---|
| 19-063 (Gibson) | 01/21/19*[23] 02/27/19**[28] | 05/08/19[24] | 02/21/19[25] 04/01/19[29] | 04/30/19[26] | 05/06/19[27] |

*Plaintiff's adjuster advised he was waiting to review a couple matters with the plaintiff.
**Lloyd's adjuster inquired from Plaintiff's adjuster whether they were in a position to submit a revised claim.

| Case No. | Parties' Last Pre-suit Communication | Insurance Payment | Service of Complaint | Appraisal Demand | MTC Filed |
|---|---|---|---|---|---|
| 19-219 (Odom) | 10/31/18*[30] After 10/31/18**[35] | 12/04/18[31] | 05/14/19[32] 06/03/19[36] | 07/12/19[33] | 07/12/19[34] |

*Plaintiffs issued a Proof of Loss to Lloyd's dated 10/31/18.
**On or about 12/04/18 Plaintiffs accepted payment (two checks dated 10/26/18) consistent with the amount claimed in their 10/31/18 Proof of Loss.

---

[23] Reply in Supp. of Mot. to Compel: E-mails Ex. C, at 1 – 2; Lloyd's Notice of Compliance with Ct.'s Order 1 (19-063).

[24] Lloyd's Notice of Compliance with Ct.'s Order 1 (SX-2019-MC-069); Pl.'s Suppl. Br. Re Waiver: Gibson Affirmation Ex. A, at 2 (19-063).

[25] Compl., CMS 4; Lloyd's Notice of Compliance with Ct.'s Order 1 (19-063).

[26] Mot. to Compel 4; See also Pl.'s Suppl. Br. Re Waiver: Gibson Affirmation Ex. A, at 2 (19-063).

[27] Mot. to Compel, CMS 27 (19-063).

[28] Reply in Supp. of Mot. to Compel: E-mails Ex. C, at 1 (19-063).

[29] Notice of Proof of Svc., CMS 16 (19-063).

[30] Lloyd's Resp. to Ct.'s Order 4; Proof of Loss Ex. M (SX-2019-MC-069).

[31] Lloyd's Resp. to Ct.'s Order 4; Checks Ex. N (SX-2019-MC-069); See also Pl.'s Suppl. Br. Re Waiver: Odom Affirmation Ex. A, at 2 (19-219).

[32] Compl., CMS 4; Lloyd's Notice of Compliance with Ct.'s Order 2 (19-219).

[33] Mot. to Compel 3; Pl.'s Suppl. Br. Re Waiver: Odom Affirmation Ex. A, at 2 (19-219).

[34] Mot. to Compel, CMS 16, 07/12/19 (19-219).

[35] Pl.'s Suppl. Br. Re Waiver: Odom Affirmation Ex. A, at 2 (19-219); Lloyd's Resp. to Ct.'s Order 4; Checks Ex. N (19-219).

[36] Notice of Proof of Svc., CMS 12, 06/21/19 (19-219).

| 19-222 (Fanelli) | 06-25-18 to 10-27-18*[41] | | 08/13/18[37] | 05/14/19[38] 06/03/19[42] | 07/05/19[39] | 07/09/19[40] |
|---|---|---|---|---|---|---|

*Numerous discussions regarding the amount of loss occurred.

| 19-239 (Johannes) | 01/19/18* | | 01/19/18[43] | 05/30/19[44] 06/28/19[47] | 11/19/19[45] | 11/21/19[46] |
|---|---|---|---|---|---|---|

*Plaintiff accepted a check for insurance payment.

| 19-258 (Prescott) | 11/04/17*[48] 01/19/18**[53] | | 01/19/18[49] | 06/12/19[50] 07/01/19[54] | 07/22/19[51] | 07/22/19[52] |
|---|---|---|---|---|---|---|

*Plaintiff executed an acceptance form indicating a loss amount of $25,108.
**Plaintiff accepted a check from Defendants in the amount of $25,108.

---

[37] Lloyd's Notice of Compliance with Ct.'s Order 2 (SX-2019-MC-069); Pl.'s Suppl. Br. Re Waiver: Fanelli Affirmation Ex. A, at 2 (19-222).

[38] Compl., CMS 3, 05/14/19 (SX-19-CV-222).

[39] Mot. to Compel: Letter to Pl.'s Counsel Ex. B; Pl.'s Suppl. Br. Re Waiver: Fanelli Affirmation Ex. A, at 2.

[40] Mot. to Compel, CMS 16, 07/09/19 (19-222).

[41] Pl.'s Suppl. Br. Re Waiver: Scarlett Affirmation Ex. B, at 2 (19-222).

[42] Notice of Proof of Svc., CMS 9, 06/21/19 (19-222).

[43] Mot. to Compel 3 (19-239).

[44] Compl., CMS 5 (19-239).

[45] Pl.'s Suppl. Br. Re Waiver: Johannes Affirmation Ex. A, at 3 (19-239).

[46] Mot. to Compel, CMS 35, 11/21/19 (19-239).

[47] Notice of Proof of Svc., CMS 15, 07/11/19 (19-239).

[48] Lloyd's Resp. to Ct.'s Order: Form of Acceptance Ex. C (SX-2019-MC-069).

[49] Lloyd's Resp. to Ct.'s Order: Settlement Calculations Ex. B (SX-2019-MC-069); Pl.'s Suppl. Br. Re Waiver: Prescott Affirmation Ex. A, at 2.

[50] Compl., CMS 4 (19-258).

[51] Pl.'s Suppl. Br. Re Waiver: Prescott Affirmation Ex. A, at 1 (19-258).

[52] Mot. to Compel, CMS 12 (19-258).

[53] Pl.'s Suppl. Br. Re Waiver 4; Lloyd's Resp. to Ct.'s 's Order: Ex. D (19-258).

[54] Lloyd's Resp. to Ct.'s Order: Notice of Proof of Svc. Ex. E (SX-2019-MC-069; See also Notice of Proof of Svc., CMS 10, 07/11/19 (19-258).

19-307     08/03/18*[55]                    05/01/18[56]     07/16/19[57]     11/20/19[58]     11/27/19[59]
(Donaie)                                                    07/29/19[60]
        *Plaintiff's agent emailed Lloyd's adjuster about setting up an appointment and
          bringing the claim to a resolution.

---

19-354     01/10/18*[61]                    01/18/18**[62]   07/25/19[63]     11/12/19[64]     11/13/19[65]
(Nicholas)                                                  09/10/19[66]
        *Plaintiff executed an acceptance form reflecting a personal property loss of
          $6,976 in full discharge of his property damage claim.
        **This payment was only for personal property loss as the deductible amount,
          according to Lloyd's, exceeded Lloyd's dwelling loss calculation.

---

19-433     March - June 2019*[67]   07/17/19[68]     09/06/19[69]     02/05/20[70]     08/03/20[71]
(Martin)                                           12/11/19[72]
        *Plaintiff accepted Lloyd's payment of $70,000 under protest.

---

[55] Pl.'s Suppl. Br. Re Waiver: Donaie Affirmation Ex. A; E-mail Chain Ex. 2 (19-307).

[56] Pl.'s Suppl. Br. Re Waiver: Donaie Affirmation Ex. A, at 3 (19-307.

[57] Compl., CMS 1 (SX-19-CV-307).

[58] Pl.'s Suppl. Br. Re Waiver: Donaie Affirmation Ex. A, at 3 (19-307).

[59] Mot. to Compel, CMS 27 (19-307).

[60] Notice of Proof of Svc., CMS 13, 08/13/19 (19-307).

[61] Lloyd's Resp. to Ct.'s Order 4; Acceptance Form Ex. J (SX-2019-MC-069); Opp. to Mot. to Compel: Nicholas Affirmation Ex. A, at 2 (19-354).

[62] Lloyd's Resp. to Ct.'s Order 3 – 4 (SX-2019-MC-069).

[63] Compl., CMS 1 (19-354).

[64] Pl.'s Suppl. Br. Re Waiver: Nicholas Affirmation Ex. A, at 3 (19-354).

[65] Mot. to Compel, CMS 16 (19-354).

[66] Notice of Proof of Svc., CMS 13, 09/25/19 (19-354).

[67] Mot. to Compel 3 (19-433); Pl.'s Br. Re Waiver: Martin Affirmation Ex. A, at 2(19-433).

[68] Lloyd's Notice of Compliance with Ct.'s Order 3 (SX-2019-MC-069).

[69] Compl., CMS 2 (19-433).

[70] Mot. to Compel: Appraisal Demand Letter Ex. B (19-433); Pl.'s Br. Re Waiver: Martin Affirmation Ex. A, at 3 (19-433).

[71] Mot. to Compel, CMS 27, 08/03/20 (19-433).

[72] Notice of Proof of Svc., CMS 23, 02/25/20 (19-433).

19-442     Feb. 2018*[73]          11/17/17[74]    09/10/19[75]    11/01/19[76]    11/06/19[77]
(Jacobs)                            03/15/18[78]    09/27/19[79]
         *Plaintiff submitted an estimate to Lloyd's.

---

19-486     Late 2017*[80]     Early 2018[81]09/19/19[82]    02/04/20[83]    02-05-20[84]
(Rodgers)                               12/23/19[85]
              *Plaintiffs executed an Acceptance Form re payment.

Subsequent to the receipt of payment, Plaintiffs filed suit in 2019 against defendant

insurance companies and their agents as follows:

| Case No. | Plaintiff (s) | Defendants |
| --- | --- | --- |
| 19-063 | Hope Gibson | Lloyd's<br>Marshal and Sterling, Inc.<br>Marshal and Sterling St. Croix |
| 19-219 | Noyl and Kelly Odom | Lloyd's<br>Executive Insurance Svcs., Inc. |
| 19-222 | Daniel & Beatrix Fanelli | Lloyd's<br>Cornerstone Services, Inc. |

[73] Pl.'s Suppl. Br. Re Waiver: Jacobs Affirmation Ex. A, at 2 (19-442).
[74] Lloyd's Notice of Compliance with Ct.'s Order 3 (SX-2019-MC-069).
[75] Compl., CMS 2 (19-442).
[76] Mot. to Compel 4 Ex. B (Letter to L. Rohn); Pl.'s Suppl. Br. Re Waiver: Jacobs Affirmation Ex. A, at 3 (19-442).
[77] Mot. to Compel, CMS 23, 11/06/19 (19-442).
[78] Lloyd's Notice of Compliance with Ct.'s Order 3 (SX-2019-MC-069).
[79] Notice of Proof of Svc., CMS 11, 10/10/19 (19-442).
[80] Lloyd's Resp. to Ct.'s Order 3; Ex. G (Check); Ex. F (Acceptance Form) (SX-2019-MC-069).
[81] Pl.'s Suppl. Br. Re Waiver: Rodgers Affirmation Ex. A, at 2 (19-486).
[82] Compl., CMS 2 (19-486).
[83] Pl.'s Suppl. Br. Re Waiver: Rodgers Affirmation Ex. A, at 2 (19-486).
[84] Mot. to Compel, CMS 19, 02/05/20 (19-486).
[85] Notice of Proof of Svc., CMS 15, 01/14/20 (19-486).

| | | |
|---|---|---|
| 19-239 | Renita Johannes | Lloyd's<br>Marshal and Sterling, Inc.<br>Marshall and Sterling St. Croix |
| 19-258 | Traney Prescott | Lloyd's<br>Executive Insurance Services |
| 19-307 | Benedicta E. Donaie | Lloyd's<br>Marshall and Sterling, Inc.<br>Marshall and Sterling St. Croix |
| 19-354 | Charlesworth Nicholas | Lloyd's<br>Executive Insurance Services, Inc. |
| 19-433 | Alvin A. Martin | Lloyd's<br>Theodore Tunick & Company |
| 19-442 | Monica Y. Jacobs | Lloyd's<br>Marshall and Sterling, Inc.<br>Marshall and Sterling St. Croix |
| 19-486 | Roy A. and Deborah<br>J. Rogers | Lloyd's<br>Executive Insurance Services |

See Complaints 19-063, 219, 222, 239, 258, 307, 354, 433, 442, 486. They allege numerous causes of action against Defendants including: misrepresentation; breach of contract; violation of 5 V.I.C. § 228(a); breach of duty of good faith; and violation of 5 V.I.C. § 310.

As indicated above, Lloyd's filed motions to compel in these matters in 2019

and February 2020.   On February 16, 2022, March 13, 2020 and March 27, 2020, defendant Executive Insurance Services, Inc. joined Lloyd's Motion to Compel in three cases. Notice of Joinder, SX-2019-CV-219, 354, 486.   None of the other defendants has joined Lloyd's motion to compel.   Plaintiffs filed oppositions to Lloyd's motions to compel and Lloyd's filed replies in all but two cases (i.e., 19-219 and 19-486).   This Court held a hearing on the motions to compel on April 1, 2022, required further submissions by the parties, and took the matter under advisement. On or about April 19, 2022, the parties filed supplemental briefs.

## LEGAL STANDARD

Lloyd's seek to compel Plaintiffs' compliance with an appraisal clause in their insurance contracts.   Plaintiffs contend Lloyd's waived its right to demand appraisal.   The party claiming waiver bears the burden to establish it. Cf. Whyte v. Bockino, 69 V.I. 749, 766 (V.I. 2018) (stating that in regards to an arbitration waiver, "the burden to show a party waived its right to arbitration is on the party claiming waiver."); See also Gray v. Contributionship, 784 F.Supp.3d 367, 374 (D. Md. Sep. 12, 2024) (stating that "the party resisting appraisal 'bears the heavy burden of proving waiver'") (citing MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001)); 611 Carpenter LLC v. Atl. Casualty Ins. Co., No. 1:23-CV-

00823-DII, 2024 U.S. Dist. LEXIS 89900, at *5 (W.D. Tex. May 20, 2024) (stating that the party claiming waiver has the burden to show waiver and prejudice.)

It is axiomatic that a waiver is an intentional relinquishment of a known right or privilege. Morgan v. Sundance, Inc., 596 U.S. 411, 417 (2022); Ubiles v. People of the Virgin Islands, 66 V.I. 572, 586 (V.I. 2017) (stating that "[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." (citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938))); Abramsen v. Vince Bedminster, 45 V.I. 3, 9 (V.I. Terr. Ct. 2002) (stating that "according to Virgin Islands law, a waiver is "an intentional relinquishment of a known right or privilege." (citing Marcelly v. Mohan, 16 V.I. 575, 580 (V.I. Super. Ct. 1979))). The touchstone factor in determining whether a waiver is prejudice as waivers are not lightly inferred. Whyte, 69 V.I. at 766. (stating in the arbitration context that "[w]e cannot lightly infer waiver" . . . 'prejudice is the touchtone for determining whether the right to arbitrate has been waived' through litigation conduct'."). In determining waivers, the Court should consider the timeliness of the motion to compel and "the extent to which the compelling party engaged in litigation." Id. at 766 – 67. The Virgin Islands Supreme Court has emphasized that a party waives the right to compel "arbitration," for instance, "when it delays invoking the right and prejudice results from the delay." Id. Hence, a party claiming waiver must show:

1) there was an unreasonable delay in invoking appraisal; and 2) prejudice resulted

from the delay.

## LEGAL ANALYSIS

Lloyd's seeks an order compelling Plaintiffs to submit to the appraisal

procedure provided in their insurance policies.   It claims appraisal is appropriate

since the primary dispute concerns the amount of loss. See, e.g., Mot. to Compel

3 (19-219).[86]   Except for Johannes and Donaie, Plaintiffs do not contest the validity

of the appraisal provision in their contracts.   Instead, they oppose its application

on various waiver grounds:[87]

1) the appraisal request is untimely, and hence waived, since it was not made within 30 days of Plaintiffs' submission of a proof of claim, pursuant to 22 V.I.C. § 228(a);[88]

2) the filing of Plaintiffs' suit forecloses Lloyd's ability to request an appraisal after the fact;[89] and

3) Lloyd's waived its right to demand appraisal by waiting too long to

---

[86]  Lloyd's make substantially the same legal argument in support of its motion to compel in each of the ten cases addressed in this opinion.   The Court's analyses and conclusions thus apply equally to all motions to compel in these ten cases.

[87]  Although each Plaintiff has separate factual circumstances regarding their property loss, they set forth the same legal basis in opposition to Lloyd's motion to compel appraisal.   As such, the Court's analyses and conclusions apply equally to all Plaintiffs.   Further, Plaintiffs set forth other grounds in support to their waiver argument which this Court finds without merit and does not address.

[88]  See, e.g., Opp. to Mot. to Compel 7 – 9; Pl.'s Suppl. Br. Re Waiver 16 (19-219).

[89]  See, e.g., Opp. to Mot. to Compel 6 (19-219).

seek it.[90]

Lloyd's counter that, in four cases (i.e., 2019-219, 258, 354, and 486), Plaintiffs executed Forms of Acceptance indicating the amount was in full discharge of their claim and were paid. Hence, the argument continues, there was no impasse or need to seek appraisal until Plaintiffs filed suit. See Lloyd's Resp. to Ct.'s Order 5 – 8 (SX-19-MC-069). Lloyd's further argue that Plaintiffs cannot show prejudice resulting from its demand for appraisal. Id. at 10 – 11. This Court must thus decide whether Lloyd's unreasonably delayed invoking appraisal and, if so, whether such delay resulted in prejudice to Plaintiffs.

At the outset, the Court notes that appraisal clauses are generally preferred as they provide a means for prompt resolution of claims without resorting to the courts. See First Protective Ins. Co. v. Hess, 81 So. 3d 482, 485 (Fla. 1st DCA 2011). Here, an appraisal, if authorized, would afford the parties an efficient objective mechanism to determine the value of Plaintiffs' losses. It would also spare all parties the burden, time, and expense of litigating the amount of loss. In this light, the Court proceeds to analyze the issues presented.

1) Section 228(a) Does Not Preclude Lloyd's Demand For Appraisal.

---

[90] See, e.g., Pl.'s Suppl. Br. Re Waiver 15, 17 – 18 (19-219).

Plaintiffs rely on 22 V.I.C. § 228(a) to support their position that Lloyd's appraisal demand is untimely.   In pertinent part, the statute provides:

> Effective 90 days after February 24, 1984, insurance companies doing business in the Virgin Islands shall have thirty (30) calendar days from the date on which an agreement to settle is signed or a proof of claim has been filed, whichever comes last, to make payment of all sums due under an insurance policy.

22 V.I.C. § 228(a).   Plaintiffs contend "any request for an appraisal, was required to be made prior to the expiration of the 30 days, to effectuate the payment deadline requirements of the statute." Opp. to Mot. Compel 9 (19-219).   Lloyd's counter that Section 228(a) does not address appraisal and there was no agreement to settle. See, e.g., Reply in Supp. of Mot. to Compel 2 (19-222).   As explained below, Plaintiffs' reliance on Section 228 is misplaced.

The Legislature added Section 228 to the Virgin Island Code in 1984, and it appears no Virgin Islands court has addressed Subsection 228(a).   Plaintiffs' contention thus presents a novel issue.   In construing Section 228(a), this Court commences "with the plain and ordinary meaning of the statutory language." Wilkinson v. People of the Virgin Islands, 2025 V.I. 4, 8 (V.I. 2025).   The Court finds the statute unambiguous.   The plain reading reveals it requires insurance companies to pay all sums due under an insurance policy by the later of: 1) 30

days after an agreement to settle is signed; or 2) 30 days after a proof of claim is filed. The statute can only reasonably be interpreted to require payment once there is agreement as to <u>all</u> sums due (i.e., where there is an undisputed proof of claim). Hence, if an insurance company does not dispute the loss figure submitted in the insured's proof of claim, payment is due within 30 days of filing the claim. If the insurance company disputes the insured's loss claim and the parties subsequently arrive at an agreement to settle, payment is due within 30 days of such agreement. Therefore, absent an uncontested proof of claim or an agreement to settle, there is no determination of "all sums due" and Section 228(a) payment deadline is not triggered.

Plaintiffs' interpretation would require an insurer to make payment of a claim, or demand appraisal, within 30 days of filing the insured's claim even if the parties are in negotiations. The Court finds such an interpretation unreasonable as it would severely hamper settlement negotiations. Further, the statute is silent as to the impact of an insurance company's failure to pay within the 30 days and says nothing about appraisal. The parties' policy, however, does provide for appraisal and imposes no deadline for demanding it. The policy simply provides that any party may demand appraisal if they (insurer and insured) fail to agree on the amount of loss. <u>See</u>, e.g., Mot. to Compel 3 (19-219). As to payment, the policy

provides that "Loss will be payable 60 days after we receive your proof of loss and: 1) reach an agreement with you; 2) there is an entry of a final judgment; or 3) there is a filing of an appraisal award with us." Id. Therefore, Plaintiffs contracted to receive payment upon fulfillment of one of the above conditions, none of which occurred in any of their cases within 30 days of filing proof of claim. Their contractual payment provision supersedes Section 228(a), even if it was applicable.

The Court's conclusion is supported by Virgin Islands law which bars the use of an insurer's receipt of proof of loss or claim forms as a waiver of any policy provision or defense of the insurer thereunder. See 22 V.I.C. § 843(2) (stating "None of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or any defense of the insurer thereunder: . . . (2) furnishing forms for reporting a loss or claim, for giving information relative thereto, or for making proof of loss, or receiving or acknowledging receipt of any such forms or proofs completed or uncompleted . . ."). For these reasons, Plaintiffs' reliance on Section 228(a) to support their contention that payment was due within 30 days of submission of their proof of claim is misplaced.

2) The Filing of Plaintiffs' Suits Does Not Foreclose Lloyd's Ability to Demand Appraisal.

Plaintiffs claim they filed suit after negotiations had reached an impasse and such suit forecloses Lloyd's ability to request an appraisal after the fact. Opp. to Mot. to Compel 5 – 6 (19-219). They submit no authority for their position and this Court is aware of none. To the contrary, the parties' policy states, "If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss." See, e.g., Mot. to Compel 2 (19-219). It imposes no deadline to request an appraisal. As such, it permits an appraisal demand before or after litigation has commenced. Further, as a general rule, an appraisal may be demanded for the first time after commencement of litigation. Castle Key Ins. Co. v. Wooden Family Trust, 321 So. 3d 346, 349 (Fla.1st DCA 2021). The mere filing of a lawsuit does not ipso facto preclude an appraisal demand. Absent a waiver, courts routinely permit invocation of appraisal after a suit is filed. 611 Carpenter LLC, No. 1:23-CV-00823, 2024 U.S. Dist. LEXIS 89900, at *5. Accordingly, the mere filing of Plaintiffs' lawsuit does not preclude Lloyd's appraisal demand.

3) Lloyd's Did Not Waive Its Right to Demand Appraisal.

Plaintiffs Johannes and Donaie claim the appraisal clause in the parties'

contract is invalid.   The Court finds their contention meritless.[91]   All Plaintiffs argue Lloyd's waived its right to appraisal by waiting too long to demand it.   As Plaintiffs are the parties claiming waiver, they carry the burden to establish it. Whyte, 69 V.I. at 766.   They must show Lloyd's intentionally relinquished or abandoned their right to demand appraisal. Ubiles, 66 V.I. 572 at 586 (citing Johnson v. Zerbst, 304 U .S. 458, 464 (1938)).   Such an intent may exist where there is an unreasonable delay in demanding appraisal.   If waiver is established, Plaintiffs must further show they suffered prejudice by Lloyd's untimely demand for appraisal. See Whyte, 69 V.I. at 766.   Plaintiffs argue that whether the right to appraisal has been waived is a question of fact. Pl.'s Suppl. Br. Re Waiver 8 (19-219 – Odom).   Here, however, the pertinent facts are undisputed, and this Court may proceed to determine waiver as a matter of law. See In re SureChoice Underwriters Reciprocal Exchange, 702 S.W.3d 876, 882 (Tex. Ct. App. 2024) (stating that "[o]rdinarily, waiver is a question of fact, but when the facts are

---

[91] Johannes claims the appraisal clause in the parties' insurance contract is not valid for want of approval by the Commissioner of Insurance as required by 22 V.I.C. § 810. Opp. to Mot. to Compel 6.   Section 810 speaks to the form of a contract and not to clauses or the other provisions therein.   Further, Johannes' complaint is premised on an insurance contract. See Compl. at 4 ("Defendant Lloyd's insured Plaintiff against windstorm damages."); Id. at 15 ("At all times relevant, Defendant were bound by a written insurance contract with Plaintiff."). The Court presumes Johannes' complaint is premised on a valid contract and finds her argument without merit.   If not, there is no basis for her breach of contract claims.   Plaintiff Donaie makes the same claim which is likewise meritless. See Opp. to Mot. to Compel 6 (19-307).

admitted or clearly established waiver is a question of law."); Koehl v. RLI Ins. Co., 367 So.3d 122, 129 (La. 5th Ct. App. 2023) (stating "When the facts are undisputed, however, waiver is a question of law." (citing Highlands Ins. Co. v. Allstate Ins. Co., 688 F.3d 398, 404 (5th Cir. 1982))); Koors v. Steffen, 916 N.E. 2d 212, 217 (Ind. Ct. App. 2009) (stating "[w]aiver is generally a question of fact; however, the trial court may, as a matter of law, make a determination regarding waiver where there are no undisputed facts and the undisputed facts establish that a party is entitled to judgment."); Old Republic Ins. Co. v. Fsr Brokerage, 80 Cal. App. 4th 666, 679 (Cal. App. 2d 2000). (stating that "the trial court may properly resolve an issue of waiver as a question of law when the underlying facts are undisputed.").

The parties' insurance policy sets no deadline to demand appraisal. It simply states, "if you and we fail to agree on the amount of the loss, either may demand an appraisal of the loss." See Mot. to Compel 4 (19-219). Under these circumstances, simple logic dictates the demand (pursuant to the policy) must be made within a reasonable time from the date of an impasse. Terra Indus., Inc. v. Commonwealth Ins. Co. of Am., 981 F. Supp. 581, 597 (N.D. I.A. 1997) (stating that "decisions of various courts interpret an 'appraisal' clause lacking a specific time for demand to be made to require that the demand be made within a

'reasonable" time."); <u>Castanon v. Safeco Ins. Co. of Ind.</u>, No. 5:21-CV-00851-XR, 2022 U.S. District LEXIS 121483, at *4 (W.D. Tex. Jul. 8, 2022) (stating that "[w]hen an insurance policy is silent regarding the deadline to invoke an appraisal clause, the demand for an appraisal must be made within a reasonable time."). The reasonableness of an appraisal delay is measured from the point of impasse. <u>See</u> <u>In re Universal Underwriters of Tex. Ins. Co.</u>, 345 S.W.3d 404, 408 (Tex. 2011). In some circumstances such impasse may not happen until a complaint is filed. <u>Terra Indus.</u>, 981 F. Supp. at 598 (stating that "[t]hus, the policy contemplates a demand for appraisal at any time after an impasse has been reached. Such a condition may not occur until suit is filed . . . when appraisal is not demanded until after suit is filed, the question is whether the demand for appraisal was waived or instead was made within a reasonable time after impasse was reached.").

The Court's analysis thus commences with a determination of when the parties reached an impasse and whether Lloyd's demanded an appraisal within a reasonable time thereafter. An impasse is defined as "a point in negotiations in which agreement cannot be reached." *Impasse,* <u>Black's Law Dictionary</u> (10th ed. 2014). It is "that point at which the parties have exhausted the prospects of concluding an agreement and further discussions would be fruitless." In other words, "an impasse is a state of facts in which the parties, despite the best of faith,

are simply deadlocked." <u>Laborers Health & Welfare Trust Fund v. Advanced Lightweight Concrete Co.</u>, 484 U.S. 539, 543, n 5 (1988).   Mere disagreement or dispute as to the amount of loss does not equate to an impasse.   This is particularly so where negotiations are ongoing. <u>See</u> <u>In re Universal Underwriters of Tex. Ins. Co.</u>, 345 S.W. at 408 (stating that "[a]n impasse is not the same as a disagreement about the amount of loss.   Ongoing negotiations, even when the parties disagree, do not trigger a party's obligation to demand appraisal."). Further, it would be unfair to charge a party with delay in demanding appraisal where they are unaware that the other party no longer wishes to negotiate or where one party reasonably believes a settlement has been reached.   As such, an impasse occurs only when there is a mutual understanding that one or both parties are no longer willing to pursue settlement.   Here, the parties differ as to when, as a matter of law, an impasse occurred.   Based on the pertinent undisputed facts, the Court will determine the point of impasse as to each plaintiff.

A) GIBSON (SX-2019-CV-063)

Plaintiff Hope Gibson submitted her proof of loss to Lloyd's on April 27, 2018 in the amount of $257,000. Lloyd's Notice of Compliance with Ct's Order 1; Pl.'s Suppl. Br. Re Waiver: Gibson Affirmation Ex. A; Proof of Loss Ex. 2.   Lloyd's estimated her loss at $110,617. Mot. to Compel 3.   Gibson now claims the parties

reached "an impasse on June 11, 2018 given the discrepancy in the claims." Pl.'s Suppl. Br. Re Waiver 16 (19-063). As stated above, however, a mere discrepancy in claims, as a matter of law, does not equate to an impasse. In fact, Plaintiff concedes the parties communicated numerous times between June 11, 2018 and March 18, 2019 but Defendant never demanded an appraisal. Id. By this concession, Plaintiff demonstrates there was no impasse until at least March 18, 2019. This is consistent with the position taken in her initial opposition to Lloyd's motion. Plaintiff there asserted she "filed the instant suit once it was clear that negotiations between Plaintiff and Defendants had reached an impasse." Opp. to Mot. to Compel 5 (19-063). By this assertion, Gibson conceded an impasse occurred around February 21, 2019, the date she filed her complaint. See Compl. (19-063). Consistent with this concession, Lloyd's submitted evidence of electronic mail communications, between Gibson's agent and Lloyd's, from 2018 through February 27, 2019, regarding her loss claim. Reply in Supp. of Mot. to Compel: E-mails Ex. C, at 1 – 5 (19-063). On January 21 2019, Gibson's adjuster advised Lloyd's he was waiting to review a couple of matters. Id. at 1 – 2. On February 27, 2019, Lloyd's adjuster inquired from Gibson's adjuster whether they were in a position to submit a revised claim. Id. at 1. Gibson's adjuster also affirmed that "[b]etween June 11, 2018 and March 18, 2019 I communicated

numerous times directly with Thomas Innocenti to adjust the loss . . ." Pl.'s Br. Re Waiver: Scarlett Affirmation Ex. B, at 2 (19-063). Under these circumstances, it is evident the parties were engaged in negotiations from at least April 27, 2018 (when proof of loss was submitted) until around March 2019. Their mere disagreement or dispute as to the amount of loss did not constitute an impasse.

In light of these uncontested facts regarding the parties' ongoing negotiations, this Court concludes that no impasse occurred until Gibson served notice of her complaint upon Lloyd's on April 1, 2019. Such service constituted the first clear signal that Gibson was no longer willing to negotiate, and an agreement could not be reached. Lloyd's filed its appraisal demand 29 days later on April 30, 2019. The timing of such demand is not unreasonable. Under the circumstances Lloyd's did not intentionally relinquish its right to demand appraisal.

## B) ODOM (SX-2019-CV-219)

Plaintiffs Noyl and Kelly Odom submitted their proof of loss to Lloyd's on April 25, 2018 in the amount of $378,500. Pl.'s Suppl. Br. Re. Waiver: Odom Affirmation Ex. A; Proof of Loss Ex. 2 (19-219). Six months later, on October 31, 2018, they submitted a revised proof of loss in the amount of $245,801 (including $10,000 for personal property loss). Lloyd's Resp. to Ct.'s Order: Proof of Loss Ex. M (19-219). Lloyd's issued payment of $245,801 on or about December 4, 2018.

Id. Ex. N (checks); Pl.'s Suppl. Br. Re Waiver: Odom Affirmation Ex. A, at 2 (19-219). The Odoms now claim the parties "reached an impasse when Plaintiff rejected Defendant's estimate of loss/settlement offer" presumably after Lloyd's submitted their settlement offer on October 17, 2018. Pl.'s Suppl. Br. Re Waiver 17 (19-219). They further contend their revised proof of loss represented a partial payment. Id. The Proof of Loss they executed however, states that the $245,801 figure represents "the Whole Loss and Damage." See Lloyd's Resp. to Ct.'s Order Ex. M. Further, in their initial opposition to Lloyd's motion, the Odoms asserted they "filed the instant suit once it was clear that negotiations between Plaintiff and Defendants had reached an impasse." Opp. to Mot. to Compel 5 (19-219). By this assertion they conceded an impasse occurred around May 14, 2019, the date they filed their complaint. See Compl. (19-219).

Lloyd's asserts there was no communication nor dispute between the parties after payment was tendered in December 2018. Lloyd's Resp. to Ct.'s Order 4 – 5 (SX-2019-MC-069). It is noteworthy that the Odoms admit "[o]n or about December 4, 2018, Plaintiffs and Defendants reached an initial settlement of $217,376.12 . . . but Plaintiffs were always clear that this amount was unacceptable and that Plaintiff's losses far exceeded Defendant's settlement offer." Pl.'s Suppl. Br. Re Waiver 4 (19-219). This assertion is inconsistent with their revised proof

of loss which indicates "The Whole Loss and Damage was . . . $245,801." Lloyd's Resp. to Ct.'s Order: Proof of Loss Ex. M (19-219). The Odoms also rely on a statement by Lloyd's adjuster that they should file suit to reach a resolution given the clear dispute. Id. at 5. Such statement, the Court concludes, does not establish an impasse particularly since the Odoms subsequently accepted Lloyd's settlement amount.

In light of these facts the Court concludes that no impasse was evident until the Odoms served their complaint upon Lloyd's on June 3, 2019. Such service constituted the first clear signal that an irreconcilable dispute existed between the parties. Lloyd's filed its appraisal demand 39 days later on July 12, 2019. The timing of such demand is not unreasonable. Under the circumstances Lloyd's did not intentionally relinquish its right to demand appraisal.

C) FANELLI (SX-2019-CV-222)

Plaintiffs Daniel and Beatrix Fanelli submitted an initial proof of loss to Lloyd's on November 24, 2017, in the amount of $159,160. Pl.'s Suppl. Br. Re Waiver: Fanelli Affirmation 2 (19-222). On July 5, 2018, they submitted a revised proof of loss in the amount of $386,619. Id.; Scarlett Affirmation Ex. B, at 2. On August ,13, 2018, the Fanellis accepted a partial payment of $99,251. Lloyd's Notice of Compliance with Ct.'s Order 2 (SX-2019-MC-069); Pl.'s Supp. Br. Re

Waiver: Fanelli Affirmation Ex. A, at 2.

The Fanellis now claim "Defendants clearly reached an impasse when Plaintiffs rejected Defendants' estimate of loss/settlement offer and Defendants agreed to release the undisputed settlement funds . . .  There was an obvious and certain dispute on June 25, 2018, as to the coverage position and amount of loss given that PCC and Defendants agreed that the undisputed amount should be released." Pl.'s Suppl. Br. Re Waiver 16 (19-222).  Their mere disagreement does not constitute an impasse.  Further, in their initial opposition to Lloyd's motion to compel appraisal, the Fanellis asserted they "filed the instant suit once it was clear that negotiations between Plaintiff and Defendants had reached an impasse." Opp. to Mot. to Compel 5 (19-222).  By this assertion, the Fanellis conceded an impasse occurred around May 14, 2019, the date they filed their complaint. See Compl. (19-222).  In fact, the parties were in discussions even after the Fanellis acceptance of partial payment on August 13, 2018.  Their adjuster affirmed that between June 15, 2018 and October 27, 2018, he communicated numerous times with Lloyd's agents regarding Fanellis' loss claim. Pl.'s Suppl. Br. Re Waiver: Scarlett Affirmation Ex. B, at 2 (19-222).  Under these circumstances, nothing presented establishes that further negotiations would have be futile such that an impasse had been reached.

In light of these uncontested facts, this Court concludes that no impasse occurred until the Fanellis served notice of their complaint upon Lloyd's on July 5, 2019. Such service constituted the first clear signal that they were no longer willing to negotiate, and an agreement could not be reached. Lloyd's filed its appraisal demand 4 days later on July 9, 2019. The timing of such demand is not unreasonable. Under the circumstances Lloyd's did not intentionally relinquish its right to demand appraisal.

## D) JOHANNES (SX-2019-CV-239)

Plaintiff Rita N. Johannes submitted her loss estimate of $122,273 to Lloyd's in January 2018. Pl.'s Suppl. Br. Re Waiver: Johannes Affirmation Ex A, at 2 (19-239),. She alleges Lloyd's paid her $43,577 for her loss on January 9, 2018.[92] Id. at 2. Johannes now claims the parties "reached an impasse when Defendants rejected Plaintiff's estimate after inspecting her property and failed to demand an appraisal . . . Plaintiff provided her estimate to Defendants and, in or around January 2018, Defendants sent Plaintiff their estimate/counter-offer for $43,577.07 – nearly a third of Plaintiff's estimate-and told her she was not entitled to anything more. The impasse was apparent because Defendants rejected Plaintiff's

---

[92] Lloyd's alleges they paid Johannes $60,156. However, the difference is immaterial for purposes of the instant motion.

estimate and countered for only one-third of the estimate provided." Pl.'s Suppl. Br. Re Waiver 15 (19-239).   However, in her initial opposition to Lloyd's motion to compel, Johannes stated she "filed the instant suit once it was clear that Lloyds never intended to live up to its obligations . . . Defendant rejected these documents submitted by Plaintiff.   As such, negotiations had clearly reached an impasse, and Plaintiff had no choice but to file suit." Opp. to Mot. to Compel 6 – 7 (19-239).   By this assertion Johannes conceded an impasse occurred around May 30, 2019, the date she filed her complaint. See Compl. (19-239).   Lloyd's claim Johannes concluded her claim adjustment upon signing a proof of loss and accepting payment on January 19, 2018.   Under these circumstances, it is evident the parties were engaged in negotiations up until payment on January 19, 2018. Lloyd's mere rejection of Johannes' loss estimate did not constitute an impasse.

In light of these uncontested facts, this Court concludes that no impasse occurred until Johannes served notice of her complaint upon Lloyd's on June 28, 2019.   Such service constituted the first clear signal that Johannes was no longer willing to negotiate, and an agreement could not be reached.   Lloyd's filed its appraisal demand approximately 5 months later on November 19, 2019.   The timing of such demand is not unreasonable.   Under the circumstances Lloyd's did not intentionally relinquish its right to demand appraisal.

E) PRESCOTT (SX-2019-CV-258)

Plaintiff Traney Prescott submitted her proof of loss estimate, dated November 4, 2017, to Lloyd's in the amount of $39,020. Lloyd's Resp. to Ct.'s Order Ex. A (Estimate) (SX-2019-MC-069). Lloyd's estimated her loss at $30,858 (less a $5,750 deductible) Id. at 2 Ex. B (Settlement Calculations). Prescott executed a Form of Acceptance on November 18, 2017 agreeing that the amount of her loss was $25,108 (30,858 – 5,750) in full and final discharge of her claim. Lloyd's Resp. to Ct.'s Order: Settlement Calculations Ex. B; Form of Acceptance Ex. C (SX-2019-MC-069). She accepted payment in the amount of the $25,108 on January 19, 2018. Pl.'s Suppl. Br. Re Waiver: Prescott Affirmation Ex. A, at 2. Prescott claims there was a clear impasse on January 19, 2018, when Lloyd's adjuster told her to take their offer ($25,108) or she would get nothing. Pl.'s Suppl. Br. Re Waiver 14 (19-258). She contends Lloyd's knew she demanded more than they offered as she had told them their amount was insufficient. Lloyd's assert that no communication occurred between the parties from the time of payment to the date Prescott served her lawsuit on Lloyd's (i.e., on July 1, 2019); and that the parties had reached an agreement. Lloyd's Resp. to Ct.'s Order 2, 5 (SX-2019-MC-069). This Court finds that Prescott's execution of the Form of Acceptance undermines her claim the parties reached an impasse as it is indicative of an intent

not to further negotiate nor contest Lloyd's offer.

In light of these uncontested facts, this Court concludes that no impasse occurred until Prescott served notice of her complaint upon Lloyd's on July 1, 2019. Such service constituted the first clear signal that Prescott was no longer willing to negotiate, and an agreement had not been reached. Lloyd's filed its appraisal demand 21 days later on July 22, 2019. The timing of such demand is not unreasonable. Under the circumstances Lloyd's did not intentionally relinquish its right to demand appraisal.

## F) DONAIE (SX-2019-CV-307)

Plaintiff Benedicta Donaie submitted her loss estimate of $230,000 to Lloyd's at some point in 2018. Pl.'s Suppl. Br. Re Waiver: Donaie Affirmation Ex. A, at 2 (19-307); Mot. to Compel 2 (19-307). Lloyd's determined her loss to be $189,100. Id. On May 1, 2018, Lloyd's paid Donaie the amount it determined her loss to be. Id. at 3. Donaie, in her opposition, claimed "Plaintiff filed the instant suit once it was clear that Lloyd's never intended to live up to its obligations." Opp. to Mot. to Compel 7 (19-307). This assertion implies any impasse occurred around July 16, 2019, when she filed her lawsuit. However, Donaie now claims "[d]efendants clearly reached an impasse when Defendants rejected Plaintiff's estimate after inspecting her property and failed to demand an appraisal." Pl.'s

Suppl. Br. Re Waiver 16.   The inspection, she contends occurred in November 2018.   She continues that "the impasse was apparent from the fact that Defendant's own agent told Plaintiff hat her estimate was too high." Id.   Here, the parties clearly continued to communicate through at least November 2018 after Plaintiff received partial payment.   Lloyd's claim the first notice they had that Plaintiff was unhappy with the negotiations was when they were served with the lawsuit. Reply in Supp. of Mot. to Compel 10 (19-307).

In light of these uncontested facts, this Court concludes that no impasse occurred until Donaie served notice of her complaint upon Lloyd's on July 29, 2019.   Such service constituted the first clear signal that she was no longer willing to negotiate, and an agreement had not been reached.   Lloyd's filed its appraisal demand about 4 months later on November 20, 2019.   The timing of such demand is not unreasonable.   Under the circumstances, Lloyd's did not intentionally relinquish its right to demand appraisal.

## G) NICHOLAS (SX-2019-CV-354)

Plaintiff Charlesworth H. Nicholas submitted his proof of loss estimate, dated November 3, 2017, to Lloyd's in the amount of $23,820. Pl.'s Suppl. Br. Re Waiver: Nicholas Affirmation Ex. A, at 2; Lloyd's Resp. to Ct.'s Order: Estimate Ex. I (SX-2019-MC-069).   Lloyd's estimated his loss at $17,443 (which exceeded the

$19,500 deductible). Lloyd's Resp. to Ct.'s Order 3 (SX-2019-MC-069). Nicholas executed a Form of Acceptance on November 1, 2018 agreeing that the amount of his loss was $6,976 in full and final discharge of his claim. Lloyd's Resp. to Ct.'s Order: Form of Acceptance Ex. J (SX-2019-MC-069). As Lloyd's determined that Nicholas' deductible exceeded its calculated property loss, they made no payment for his property (dwelling) loss. Hence the $6,976 payment represented personal property loss only. Nicholas collected that payment made by check dated January 18, 2018. Pl.'s. Suppl. Br. Re Waiver: Nicholas Affirmation Ex. A, at 2; Lloyd's Resp. to Court Order: Ex. J (Check).

Despite the Court's order requiring submissions regarding the parties contention as to when an impasse occurred, Nicholas did not specify such a date. He simply claims Lloyd's waived its right to demand appraisal when it denied his claim without demanding appraisal. Pl.'s. Suppl. Br. Re Waiver 14. Presumably, this denial occurred in early 2018. Mere denial of the amount of an insured's loss claim, however, does not equate to an impasse.

Lloyd's assert no communication occurred between the parties from the time of payment to when Nicholas served his complaint on Lloyd's (i.e., on September 10, 2019); and that the parties had reached an agreement. Lloyd's Resp. to Ct.'s Order 4 (SX-2019-MC-069). This Court finds that Nicholas' execution of the Form

of Acceptance undermines his claim that the parties reached an impasse as it is indicative of an intent not to further negotiate nor contest Lloyd's offer.

In light of these uncontested facts, this Court concludes that no impasse occurred until Nicholas served notice of her complaint upon Lloyd's on September 10, 2019. Such service constituted the first clear signal that Nicholas was no longer willing to negotiate, and an agreement had not been reached. Lloyd's filed its appraisal demand 47 days later on November 10, 2019. The timing of such demand is not unreasonable. Under the circumstances Lloyd's did not intentionally relinquish its right to demand appraisal.

## H) MARTIN (SX-2019-CV-433)

Plaintiff Avin A. Martin submitted his proof of loss estimate on July 27, 2018 to Lloyd's in the amount of $166,315. Pl.'s Suppl. Br. Re Waiver 4; Martin Affirmation Ex. A, at 2; Mot. to Compel 2. On or about January 24, 2019, Lloyd's offered Martin $11,250 to settle his claim. Mot. to Compel 3; Pl.'s Suppl. Br. Re Waiver: Martin Affirmation Ex. A, at 2. After further discussions, Lloyd's revised its offer to $70,000. Mot. to Compel 3; Pl.'s Suppl. Br. Re Waiver: Martin Affirmation Ex. A, at 2. Martin signed a release on June 17, 2019 and received payment in the amount of $70,000 on July 17, 2019. Reply in Supp. of Mot. to Compel 4; Pl.'s Suppl. Br. Re Waiver: Martin Affirmation Ex. A, at 2.

Despite the Court's order requiring submissions regarding the date the parties contend an impasse occurred, Martin did not specify such a date. However, in his initial opposition to the motion to compel, he asserted that he "filed the instant suit once it was clear that Lloyd's never intended to live up to its obligations." Opp. to Mot. to Compel 5. His complaint was filed on September 6, 2019. Consistent with this assertion, Lloyd's contends the first notice it received regarding Martin's unhappiness with the negotiations was when it was served with the instant lawsuit. Reply in Supp. of Mot. to Compel 10.

In light of these uncontested facts, this Court concludes that no impasse occurred until Martin served notice of his complaint upon Lloyd's on December 11, 2019. Such service constituted the first clear signal that an agreement had not been reached. Lloyd's filed its appraisal demand 56 days later on February 5, 2020. The timing of such demand is not unreasonable. Under the circumstances Lloyd's did not intentionally relinquish its right to demand appraisal.

## I) JACOBS (SX-2019-CV-442)

Plaintiff Monica Y. Jacobs submitted her proof of loss estimate in February 2018 to Lloyd's in the amount of $45,937. Pl.'s Suppl. Br. Re Waiver 4; Jacobs Affirmation Ex. A, at 2; Mot. to Compel 2. Lloyd's calculated her dwelling loss at $30,998 and paid her $24,698 (after the deductible). Mot. to Compel 3; Pl.'s Suppl.

Br. Re Waiver 4; Jacobs Affirmation Ex. A, at 2.

Despite the Court's order requiring submissions regarding the date the parties contend an impasse occurred, Jacobs did not specify such a date. Instead, she simply states "Defendants clearly reached an impasse when Defendants rejected Plaintiff's estimate after inspecting her property and failed to demand an appraisal." Pl.'s Suppl. Br. Re Waiver 15. Mere rejection of an offer, however, does not equate to an impasse. Plaintiff further contends that "the impasse was apparent from the fact that Defendants' estimate was half of Plaintiff's estimate and did not include any structural damage." Id. No rule of law supports the contention that a large disparity in estimates, without more, constitutes an impasse.

In Jacobs' initial opposition to the motion to compel, she asserted that "Defendant rejected these documents submitted by Plaintiff. As such, negotiations had clearly reached an impasse, and Plaintiff had no choice but to file suit-foreclosing Defendant's ability to request an appraisal after the fact." Opp. to Mot. to Compel 7. Jacobs also asserted that "Plaintiff filed the instant suit once it was clear that Lloyd's never intended to live up to its obligations." Her complaint was filed on September 10, 2019. Consistent with this assertion, Lloyd's contends the first notice it received regarding Jacobs' unhappiness with the

negotiations was when they were served with her lawsuit. Reply in Supp. of Mot. to Compel 10.   In light of these uncontested facts, this Court concludes that no impasse occurred until Jacobs served notice of her complaint upon Lloyd's on September 27, 2019.   Such service constituted the first clear signal that an agreement had not been reached.   Lloyd's filed its appraisal demand 35 days later on November 1, 2019,.   The timing of such demand is not unreasonable.   Under the circumstances Lloyd's did not intentionally relinquish its right to demand appraisal.

J) RODGERS (SX-2019-CV-486)

Plaintiffs Roy A. and Deborah Rodgers submitted their loss estimate to Lloyd's on October 16, 2017 in the amount of $166,160. Pl.'s Suppl. Br. Re. Waiver: Rodgers Affirmation Ex. A; Construction Cost Estimated Ex. 1 (dated 10/16/17) (19-486); Lloyd's Resp. to Ct.'s Order 3.   Lloyd's calculated Plaintiffs' loss at $75,091 and issued a check for $54,341 after the deductible. Pl.'s Suppl. Br. Re. Waiver: Rodgers Affirmation Ex. A, at 1 (19-486); Lloyd's Resp. to Ct.'s Order: Check Payment Description Ex. G, 04/19/22 (SX-2019-MC-069).   Plaintiffs assert the check sat in Lloyd's office for some time and they accepted it in early 2018 because they needed the funds to repair their home. Pl.'s Suppl. Br. Re. Waiver: Rodgers Affirmation Ex. A, at 2 (19-486).

The Rodgers now claim the parties "reached an impasse when Plaintiff rejected Defendant's estimate of loss/settlement offer" in November 2017. Pl.'s Suppl. Br. Re Waiver 15 (19-486) (emphasis supplied). They thus suggest an impasse occurred a mere two months after the hurricane. Mere rejection of an insured's settlement offer, without more, does not constitute an impasse. Lloyd's assert the Rodgers accepted its offer after discussions and memorialized it in a Form of Acceptance. Lloyd's Resp. to Ct.'s Order 3. Their first notice of an ongoing dispute was when the Rodgers served with their complaint on December 23, 2019. Id. Consistent with this contention, the Court notes that in their initial opposition to Lloyd's motion to compel, the Rodgers stated "after over two years of delays, refusal to timely pay per the V.I. Insurance Code, 22 V.I.C. § 226, and bad faith tender of a reduced amount of loss, Plaintiffs were forced to file a lawsuit against the insures for damages." Opp. to Mot. to Compel 3. This assertion clearly demonstrates the parties were engaged in discussions for over two years (way past the November 17, 2017 date contended by the Rodgers) after the hurricane.

In light of these facts the Court concludes that no impasse was evident until the Rodgers served their complaint upon Lloyd's on December 23, 2019. Such service constituted the first clear signal that an irreconcilable dispute existed

between the parties.   Lloyd's filed its appraisal demand 40 days later on February 4, 2020. The timing of such demand is not unreasonable.   Under the circumstances, Lloyd's did not intentionally relinquish its right to demand appraisal.

    4) <u>No Prejudice Resulted From Any Delay In Invoking Appraisal</u>.

Even if Lloyd's had unreasonably delayed invocation of appraisal, this Court cannot find a waiver of such right absent a showing that prejudice to Plaintiffs resulted from the delay. <u>See</u> <u>Allen v. Hovensa, LLC</u>, 59 V.I. 430, 437 (V.I. 2013) (stating in the arbitration context, "[a] party waives the right to compel arbitration when it delays invoking the right and prejudice results from the delay.") <u>See</u> also <u>In re Universal Underwriters of Tex. Ins. Co.</u>, 345 S.W.3d at 411 (stating, "[e]ven if Universal had waited to request appraisal, mere delay is not enough to find waiver; a party must show that it has been prejudiced. " In determining prejudice, this Court considers, among other factors, the timeliness of Lloyd's motion and the extent to which the parties have engaged in discovery and litigation. <u>Id</u>.

Plaintiffs contend that they are not required to show prejudice in order to establish waiver. <u>See</u>, e.g., Pl.'s Suppl. Br. Re Waiver 3 (19-063).   In support, they cite the Virgin Islands Supreme Court's opinion in <u>Suid v. Law Office of Karin A. Bentz, P.C.</u>, 75 V.I. 272 (V.I. 2021).   Their reliance thereon is misplaced.   There, the Virgin Islands Supreme Court held that a mediation clause in an arbitration

agreement had been waived when the defendant took the inconsistent action of moving to compel only arbitration. The parties' arbitration agreement provided for them to mediate any dispute before arbitration. The defendant, however, did not seek to compel mediation. Instead, it sought to compel only arbitration. The Supreme Court held the defendant "waived any protections afforded by the mediation clause in the agreement by taking the inconsistent action of moving the Superior Court to compel only arbitration." Id. at 279. The instant facts are clearly distinguishable. The only prerequisite here for seeking appraisal is a condition that the parties cannot agree to the amount of loss. Lloyd's, upon perceiving that circumstance, moved to compel appraisal. It took no action inconsistent with seeking an appraisal. Suid is thus inapposite to Plaintiffs' case. It is not, as here, a case involving the contention that a party delayed invoking the right to appraisal. Whyte, 69 V.I. 766 (stating, "We have said 'a party waives the right to compel arbitration when it delays invoking the right and prejudice results from the delay'."). Lloyd's did not, as in Suid, take any inconsistent action and hence, Suid is inapposite. Further, nowhere in Suid does the Supreme Court even discuss the issue of prejudice in regard to waiver. Plaintiff also cite other cases to support their position which this Court finds irrelevant and thus will not address.

Despite arguing they need not prove prejudice, Plaintiffs nevertheless

contend the cost of appraisal will impose too onerous a burden upon them. See, e.g., Opp. to Mot to Compel 5 (19-354).   However, such cost was anticipated when Plaintiffs executed their insurance contracts and is not cognizable prejudice for purposes of the waiver analysis.   Here, Lloyd's demanded appraisal within two to five months after service of Plaintiffs' complaints.   Except for Martin, Lloyd's filed its motion to compel within days of its demand. (Martin's was filed six months after).   A review of the dockets reveals little if any discovery has been conducted and no scheduling order has been issued.   In sum, at the time Lloyd's filed its motions to compel, the litigation was in its infancy stage and hence Plaintiffs are hard pressed to establish any prejudice resulting from the motions to compel. See Whyte, 69 V.I. at 767 – 68 (where court found insufficient prejudice to establish waiver where defendant filed a motion to compel 18 months after commencement of lawsuit; did not respond to discovery requests; provide discovery; and consented to scheduling order.); Allen, 58 V.I. at 437 (finding insufficient prejudice where the defendant delayed filing its motion to compel for two years.). Accordingly, this Court finds that Plaintiffs have failed to meet their burden to prove they suffered any prejudice which resulted from any delay in Defendants invoking appraisal.

**CONCLUSION**

For the reasons mentioned above, this Court concludes that: 1) Lloyd's properly invoked the parties' appraisal provision within a reasonable time after <u>it became evident</u> that the parties failed to agree on the amount of their hurricane-related loss; and 2) no cognizable prejudice to Plaintiffs resulted from any delay in Lloyd's appraisal demand. As such, there was no waiver. Further, an appraisal will help determine the merits and strength of other issues beyond the loss. For example, if an appraisal estimate matches (or is less than) Lloyd's calculated loss, it will impact the merits of the plaintiff's breach of contract and related claims and may well facilitate resolution thereof. Accordingly, the Court will grant Lloyd's motions to compel appraisal. An order consistent herewith will follow.

DATE: February 6, 2026

_____
ALPHONSO G. ANDREWS, JR.
Superior Court Judge

**Attest:**
**TAMARA CHARLES**
CLERK OF THE COURT

_____
COURT CLERK III
02/06/2026
_____
DATE